**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-22118-CIV-MARTINEZ**

OSIRIS LUIS VERDECIA GARCIA,

      Petitioner,

v.

WARDEN, KROME SERVICE
PROCESSING CENTER, *et al.*,

      Respondents.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Petitioner's *pro se* Motion to Enforce Judgment

("Motion"), [ECF No. 12]. Petitioner argues that while Respondents provided Petitioner with an

individualized bond hearing, Respondents have ultimately failed to comply with this Court's Order

granting Petitioner's Petition for Writ of Habeas Corpus in part [ECF No. 8], because Respondents

have "robbed [Petitioner] of posting bond" by moving Petitioner "across [the] country to

California." (Mot. 3). For the reasons stated below, the Motion is **DENIED**.

On April 10, 2026, this Court granted Petitioner's Petition for a Writ of Habeas Corpus in

part, and ordered Respondents to "afford Petitioner an individualized bond hearing consistent with

8 U.S.C. § 1226(a) or otherwise release Petitioner." (Apr. 10, 2026 Order [ECF No. 8] 7). The

Court did not order that Respondents shall not transfer Petitioner to another center outside of this

judicial district. (*See id.*; *see also* Mot. 1). On April 20, 2026, Respondents filed a status report

indicating that Petitioner was afforded a bond hearing on April 20, 2026, but that Petitioner

withdrew his bond request to "file supporting documents." (*See* Status Report [ECF No. 9]). Thus,

Respondents complied with this Court's order.

CASE NO. 26-22118-CIV-MARTINEZ

Petitioner argues that Respondents' transfer of Petitioner renders them in violation of this Court's Order, and Petitioner asks the Court to order Respondents to "produce reason for the move and have the Respondent[s] honor Miami immigration court's issued bond or release him and answer directly what was the reason why it has disregarded this court[']s order." (Mot. 2). Petitioner also asks the Court to appoint special counsel. (*Id.* 3). Respondents' transfer of Petitioner, however, is not a violation of this Court's Order. The Court ordered Respondents to afford Petitioner an individualized bond hearing (Apr. 10, 2026 Order 7), which they did, (*see* Status Report). As Respondents did not violate the Court's order, the Court finds no reason to grant Petitioner's Motion.

Accordingly, it is

**ORDERED AND ADJUDGED** that Petitioner's *pro se* Motion to Enforce Judgment [ECF No. 12] is **DENIED without prejudice**.

**DONE AND ORDERED** in Miami, Florida, this 4 day of August 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc:   all counsel of record
      Petitioner, *pro se*

2